IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VONCIL SPIGNER and
DONALD SPIGNER

      Plaintiffs,

v.                                                         Civ. No. 21-123 SCY/LF

SANDEEP SINGH, UNITED SPECIALTY
INSURANCE COMPANY, PB30
TRANSPORT, INC., JAWAD ALWAN, and
HALLMARK INSURANCE COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND**

Plaintiffs Voncil Spigner and Donald Spigner brought this case in state court against two sets of defendants: (1) Sandeep Singh, Singh's employer PB30 Transport, and Singh's insurer United Specialty Insurance Company ("United"); and (2) Jawad Alwan and Alwan's insurer Hallmark Insurance Company ("Hallmark"). Doc. 1-1 at 1-5. Plaintiffs allege that Defendants Singh and Alwan were involved in a vehicle collision, resulting in Singh's trailer obstructing the roadway for traveling motorists. *Id.* at 2, ¶¶ 9-10. Plaintiffs were traveling on the same roadway (with Voncil Spigner driving a semi-trailer and Donald Spigner in the sleeper of the semi-trailer) when they collided with the trailer and debris from the Singh/Alwan collision, causing injuries to both Voncil Spigner and Donald Spigner. *Id.* at 2-3, ¶¶ 10-11, 14. On February 12, 2021, Defendant PB30 Transport filed a notice of removal, citing diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1. On March 12, 2021, Plaintiffs filed a motion to remand the case to state court, Doc. 12, and that motion was fully briefed on April 9, 2021, Docs. 13, 17. Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter

an order of judgment. Docs. 8, 9, 10, 11. Because not all Defendants timely consented to removal, thereby defeating the unanimity requirement, the Court concludes that removal was procedurally defective and this case must be remanded.

## LEGAL STANDARD

28 U.S.C. § 1332(a) gives federal courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). However, if the federal court determines it lacks subject matter jurisdiction, such as lacking diversity jurisdiction, it must remand the matter to the state court. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014).

## DISCUSSION

In this case, the parties agree that diversity of citizenship exists.[1] *See* Doc. 12 at 3. Plaintiffs argue, however, that the Court lacks diversity jurisdiction because the removing

---

[1] As laid out in the notice of removal, Defendant Sandeep Singh is a citizen of California, Doc. 1 ¶ 4; Defendant United is a Delaware corporation with its principal place of business in California, *id.* ¶ 5, and is therefore a citizen of Delaware and California under 28 U.S.C. § 1332(c); Defendant PB30 Transport is a California corporation with its principal place of business in California, *id.* ¶ 3, and is therefore a California citizen; Defendant Jawad Alwan is a citizen of Arizona, *id.* ¶ 6; and Defendant Hallmark is a California corporation with its principal place of business in California, *id.* ¶ 7, making it a citizen of California.

The notice of removal further alleges that Plaintiffs Voncil Spigner and Donald Spigner reside in Louisiana. *Id.* ¶ 2. While residency is not equivalent to citizenship, *see Siloam Springs Hotel,*

Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiffs also argue that remand is appropriate because removal would prejudice Plaintiffs due to the progress of litigation in state court. The Court need not address these two arguments because the Court finds remand is appropriate based on Plaintiffs' third argument: the unanimity requirement is not met.

**1.    Unanimity Requirement**

The procedures for removal are contained in 28 U.S.C. § 1446. Pursuant to that statute, a defendant must remove a case within thirty days after receipt of a copy of the initial pleading or service of summons, whichever period is shorter. *See id.* § 1446(b). In the event the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). In other words, a notice of removal must be filed within thirty days from the date when the case qualifies for federal jurisdiction. *Padilla v. Am. Modern Home. Ins. Co.*, 282 F. Supp. 3d 1234, 1253 (D.N.M. 2017). A plaintiff has thirty days after the notice of removal is filed to bring a motion to remand based on any defect other than subject matter jurisdiction, or the plaintiff waives those defects. 28 U.S.C. § 1447(c).

"When a civil action is removed solely under section 1441(a)," as this case was, "all defendants who have been properly joined and served must join in or consent to the removal of

---

*LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015), the Tenth Circuit has indicated that state residency may prima facie indicate citizenship when other proof in the record indicates state of citizenship. *See Whitelock*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *Kelleam v. Maryland Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds by* 312 U.S. 377. Plaintiffs' acknowledgment that diversity of citizenship exists may serve as other proof in the record to indicate Plaintiffs' citizenship (as opposed to just residency). Because the Court remands this matter on separate grounds, it need not resolve this issue.

the action." 28 U.S.C. § 1446(b)(2)(A); *see also Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172 (D.N.M. 2007) ("When there are multiple defendants, generally all must consent to join in the notice of removal in order for it to be effective."); *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1275 (D.N.M. 2010) ("A valid removal requires the consent of all served defendants."). "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady*, 504 F. Supp. 2d at 1172-73; *see also Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996) ("The failure to join all proper defendants renders the removal petition procedurally defective."); *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257-58 (D.N.M. 2008) ("Where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal . . . . It is well established that a notice of removal fails if this procedural requirement is not met."). This is referred to as the unanimity rule. "When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal." *Brady*, 504 F. Supp. 2d at 1173.

Although all defendants are required to join in removal, not all defendants are required to sign the same notice of removal. *See Vasquez*, 536 F. Supp. 2d at 1258. "Instead, each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period." *Id.*; *see also State Farm Fire & Cas. Co.*, 728 F. Supp. 2d at 1275 ("The unanimity rule requires all served defendants to assure the court—generally by joining in the removal itself, filing their notice of removal, or filing a notice of consent—that they consent to removal."); *Henderson*, 920 F. Supp. at 1187 ("Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day

period."). Accordingly, "[t]here must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal." *Todd v. DSN Dealer Service Network, Inc.*, 861 F. Supp. 1531, 1535 (D. Kan. 1994).

In this case, Defendant PB30 Transport filed its notice of removal on February 12, 2021 after receiving confirmation on January 14, 2021, by an email from Plaintiffs' counsel containing their settlement demand, that Plaintiffs seek damages in excess of $75,000 and that the case is removable. Doc. 1 ¶ 10, Doc. 1-3. At the time of this removal, all Defendants were properly joined and served, *see* Doc. 1-1, and therefore all needed to consent to removal. Defendant PB30 Transport filed the notice of removal, indicating that Defendant Jawad Alwan consents to removal. Doc. 1.[2] The notice of removal is signed by counsel that represents PB30 Transport, United, and Singh; the notice, however, states only that Defendant PB30 Transport brings the removal and provides no indication as to the position of Defendants United and Singh. *Id.* Shortly after removal, Defendants Alwan and Hallmark (who are represented by the same counsel) filed a notice of consent to removal. Doc. 4.

On March 12, 2021, Plaintiffs filed their motion to remand, asserting that removal is improper because Defendant Singh did not provide his consent to removal and the unanimity requirement is therefore not met.[3] Doc. 12 at 6. Defendant PB30 Transport filed a response on

---

[2] The notice of removal states that "Defendant Jawad Alwan consents to this Notice of Removal and the other named Defendants are joined in this matter only pursuant to *Raskob*, 1998-NMSC-45." Doc. 1 ¶ 11. To the extent the removing Defendant (PB30 Transport) is asserting that only it and Defendant Alwan need to consent to removal, Defendant does not brief this argument in response to the motion to remand and so the Court will not consider it.

[3] The Court notes that Defendant United also did not provide its consent to removal in the notice of removal and did not file a consent to removal until after Plaintiffs filed their motion to remand. Plaintiffs, however, do not argue the removal is defective based on United's lack of consent; therefore, they waive that argument for remand. *See* 28 U.S.C. § 1447(c) ("A motion to

March 26, 2021, explaining that "[t]hrough a technical error, the Notice of Removal did not reflect that it was filed on behalf of Sandeep Singh, although the undersigned counsel is reflected as counsel for Defendants PB30 Transport, Sandeep Singh, and United Specialty Insurance." Doc. 13 at 2. Accordingly, Defendants Singh, United, and PB30 Transport filed a Notice of Errata on March 26, 2021, identifying all three defendants as movants in the notice of removal. Doc. 14. At the same time, Defendants Singh, United, and PB30 Transport filed a notice of consent to removal. Doc. 15.

Although Defendants Singh, United, and PB30 Transport were all represented by the same counsel, Section 1446 provides no indication that representation by common counsel can serve as a substitute for the requirement that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Because Defendant PB30 Transport's notice of removal provided no indication that Defendant Singh also consented to removal, the Court cannot infer Defendant Singh's consent from the notice of removal. *See* Doc. 1 at 1 (introduction reading "Defendant PB30 Transport, Inc. ('PB30 Transport') submits this timely-filed Notice of Removal"); *id.* at 4 (conclusion reading, "Therefore, PB30 Transport requests that the action now pending in the Fourth Judicial District of the State of New Mexico, County of Guadalupe, as Case No. D-424-CV-2020-00084, be removed to this United States District Court"). Stated differently, the Court cannot read into the notice of removal what is not there. *See Maddox v. Delta Airlines, Inc.*, No. 10-cv-456, 2010 WL 3909228, at *4 (N.D. Okla. Sept. 29, 2010) (declining to adopt an "exception to the unanimity rule to the effect that consent by one defendant with shared counsel is implied consent by all

---

remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). The Court will thus limit its analysis to whether Defendant Singh timely consented.

defendants with the same counsel").[4] Defendant Singh did not provide his notice of consent to removal until March 26, 2021, after Plaintiffs filed their motion to remand. The question before the Court, therefore, is what, if any, deadline is imposed on a non-removing defendant to provide its consent to removal in order to satisfy the unanimity requirement? Although courts have differed on how to calculate such a deadline, courts have uniformly found that a properly served and joined defendant's position on removal must be set no later than the time by which a plaintiff must move to remand.[5] Because Defendant Singh did not provide his position until after Plaintiffs moved to remand, his consent to removal comes too late.

Because the Court is unaware of any Tenth Circuit or Supreme Court authority on this topic, it primarily looks to courts in this District for guidance. The weight of authority in the District is that a defendant must file notice of consent within the thirty-day period for removal under Section 1446; i.e., within 30 days after receipt or service of the initial pleading or within 30 days after receiving a pleading, motion, or other paper from which it may first be ascertained that the case is removable.[6] *See State Farm Fire & Cas. Co.*, 728 F. Supp. 2d at 1275 ("Derived

---

[4] A number of cases in this District deal with whether a representation in the notice of removal that "all defendants consent to removal," without those defendants filing separate notices of consent, is sufficient to meet the unanimity requirement. *See, e.g.*, *Roybal v. City of Albuquerque*, No. Civ. 08-181 JB/LFB, 2008 WL 5991063, at *6-7 (D.N.M. Sept. 24, 2008); *Vasquez*, 536 F. Supp. 2d at 1257-59; *Schueller v. Cnty. of Valencia*, No. 16-1287 SCY/WPL, 2017 WL 3172781, at *4 (D.N.M. May 24, 2017). The Court need not address this issue because Defendant PB30 Transport does not aver in the notice of removal that Defendant Singh consents to removal.

[5] Defendants that are not properly joined and served present a different situation. Because this case involves only defendants who are properly joined and served, the Court's references to "defendants" below means defendants who are properly joined and served.

[6] Sections 1446(b)(1), (b)(2)(B), and (b)(3) all require a notice of removal to be filed within thirty days of the trigger set forth in the particular subsection. In this case, the trigger that started the thirty-day clock is contained in subsection (b)(3) ("paper from which it may first be ascertained that the case is one which is or has become removable"). Because what trigger started the thirty-day clock is not at issue in this case, court decisions involving different triggers

7

from removal procedure set forth in 28 U.S.C. § 1446, a defendant's consent must be filed with the court within 1446(b)'s thirty-day removal period."); *Vasquez*, 536 F. Supp. 2d at 1258 ("[E]ach defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period."); *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1184 (D.N.M. 2017) ("The Court reads . . . the structure of 28 U.S.C. § 1446(b) to stand for the proposition that when there are multiple defendants, all served defendants must consent to removal within thirty days from when the last defendant was served."); *Schueller v. Cnty. of Valencia*, No. 16-1287 SCY/WPL, 2017 WL 3172781, at *4 (D.N.M. May 24, 2017) ("Remand is required if all of the defendants fail to consent to the petition for removal within thirty days of being served." (internal quotation and citations omitted)); *Quality First Roofing, Inc. v. HDI Global Specialty SE*, No. 21-cv-110 KWR/GJF, 2021 WL 1923639, at *2 (D.N.M. May 13, 2021) (declining to read Section 1446(b) as "an open-ended time frame to consent").

In this case, Section 1446(b)(3)'s thirty-day deadline for Defendants Singh, United, and PB30 Transport to consent began to run on January 14, 2021, when their counsel received an email from Plaintiffs' counsel with Plaintiffs' settlement demand, making clear that more than $75,000 was in controversy and the case was removable.[7] Doc. 1-3. Defendant PB30 Transport timely filed a notice of removal within the thirty-day deadline (on February 12, 2021). Plaintiffs

---

(initial pleadings or summonses as described in subsection (b)(1) or (b)(2)(B)) are just as applicable to the Court's analysis.

[7] Plaintiffs dispute that their settlement demand is sufficient to establish the amount in controversy and argue that the Court lacks diversity jurisdiction because Defendant PB30 Transport has not met its burden to show the amount in controversy is over $75,000. Because the Court remands on a different basis (unanimity), it need not reach this argument. However, for the purposes of the unanimity requirement discussion, the Court assumes that the January 14, 2021 settlement demand provided notice to Defendants that the amount in controversy exceeds $75,000.

then timely filed their motion to remand on March 12, 2021. Defendant Singh, however, did not file his notice of consent to removal until March 26, 2021, more than two months after the clock described in Section 1446(b)(3) began to run and approximately two weeks after Plaintiffs had already filed their motion to remand. Accordingly, the unanimity requirement is not satisfied, rendering the removal notice procedurally defective and requiring remand.

In its response to the motion to remand, Defendant PB30 Transport relies on a case from this District, *Padilla v. American Modern Home Insurance Co.*, to support its position that "the technical error in failing to list Defendant Sandeep Singh as a movant" in the notice of removal does not destroy subject matter jurisdiction. Doc. 13 at 3 (citing 282 F. Supp. 3d 1234 (D.N.M. 2017) (J. Browning). In *Padilla*, the court considered an issue similar to that presently before the Court: whether "28 U.S.C. § 1446 requires defendants to join in or consent to removal of an action within thirty days after they receive a copy of the initial pleading," and concluded that "while all defendants must join in or consent to removal, they need not do so within thirty days after they receive a copy of the initial pleading." 282 F. Supp. 3d at 1239. The *Padilla* court reasoned:

> The removal statute indicates that a defendant must file a notice of removal within '30 days after receipt by or service on that defendant of the initial pleading or summons,' or not at all. 28 U.S.C. § 1446(b)(2)(B). No such time limit applies to the statutory requirement that 'all defendants who have been properly joined and served must join in or consent to the removal of the action.' 28 U.S.C. § 1446(b)(2)(A). The statute requires only that all defendants consent to removal; it is silent regarding when that consent must take place.

*Id.* at 1263. The court held that the cases decided before the 2011 amendment to Section 1446 "stating that if one defendant fails to consent within the thirty days, removal is destroyed because there is no unanimity are no longer good law." *Id.* at 1264 n.8 (internal quotation and citation omitted). The *Padilla* court further held that, once a notice of removal is filed, "Defendants must

either assert that they do not consent to removal within those thirty days or they are treated as if they had consented insofar as their lack of consent can no longer cause a court to remand the case." *Id*. at 1264. In other words, under *Padilla*, once one defendant files a notice of removal, another defendant's silence on the topic is considered consent to removal.

In essence, *Padilla*'s first conclusion is that, although Section 1446 may require at least one defendant to file a notice of removal within Section 1446's various thirty-day requirements,[8] Section 1446(b)(2), which applies to *consents* to removal, contains no similar thirty-day requirement. As *Padilla* points out, the statute "is silent regarding when that consent must take place." *Id*. at 1263. But surely Section 1446 does not provide defendants the ability to see how things play out in federal litigation and then, up until the time the jury returns a verdict at trial, if things start to go badly, exercise an option to return to state court. If this were the case, a silent defendant who suffers adverse pre-trial evidentiary rulings, is having a trial go badly, or who simply wants to delay trial for as long as possible, could declare at the last second that he has never consented to the court's jurisdiction, does not now consent to the court's jurisdiction, and therefore demands to return to state court.

*Padilla* provides an answer to this problem in its second conclusion: "defendants face a de facto time limit for consent to removal because 'a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.' 28 U.S.C. § 1447(c). Defendants must either assert that they do not consent to removal within those thirty days or they are treated as if they had consented insofar as their lack of consent can no longer cause a court to remand the case." *Id.* at 1264. In other words, under *Padilla*, a defendant cannot preserve the state court option by remaining

---

[8] Meaning, Sections 1446(b)(1), (b)(2)(B), and (b)(3).

10

silent in the face of a co-defendant's notice of removal; instead, that defendant must affirmatively object to being removed within thirty days of the notice of removal or forever lose the right to remain in state court.

The Court disagrees with *Padilla*'s interpretation of Section 1446. *Padilla*'s reason for rejecting the notion that a co-defendant must affirmatively consent to removal within the thirty days set forth in subsection (b)(2)(B) is that subsection (b)(2)(A), which applies to consents, does not contain the same time limit. In other words, *Padilla* declined to impose a time limit not contained in the statute. But *Padilla* then proceeded to impose a different time limit that is not contained in the statute either: a de facto 30-day-from-notice-of-removal time limit for a non-consenting defendant to express non-consent. Given the choice between reading into the statute the time limit *Padilla* rejected, or the time limit it adopted, the Court chooses the former.

This is because *Padilla*'s de facto time limit writes the unanimity requirement out of the statute by holding that defendants who failed to consent are assumed to have implicitly consented. Section 1446(b)(2)(A) states, "all defendants who have been properly joined and served must join in or consent to the removal of the action." This section does not state "all defendants who do not express non-consent will be deemed to have consented." In finding Section 1446(b)(2)(A)'s requirement for affirmative action to mean no-action-required, *Padilla* goes farther than reading into a statute something it believes to be implied. Instead, it adopts an interpretation of the statute that alters the meaning of what the statute explicitly says.

The Court does agree with *Padilla*, however, that a co-defendant's position on consent to removal must be determined no later than the time when a plaintiff's motion to remand is due.[9]

---

[9] The Court need not determine if a co-defendant's deadline to file a notice of consent to removal must occur sometime before a plaintiff's motion to remand is due because Defendant Singh indisputably filed his notice of consent to removal *after* Plaintiffs filed their motion to remand.

11

Although courts in this district have not agreed on the precise deadline for a co-defendant to express its position on removal, to this Court's knowledge, no court in this district has ruled that a co-defendant may remain silent and then change its default position after the plaintiff has filed a motion to remand.[10]

In *State Farm Fire and Casualty Co.*, Judge Black made a case for why consents need to be provided within the same thirty-day deadline as a notice of removal:

> The need for timely consent is easy to understand: A valid removal requires the consent of all served defendants. If a served defendant withholds consent, the removal is procedurally deficient and the parties have thirty days to seek remand. If the parties do not seek remand within thirty days, the procedural deficiency is waived. Thus, in order to make informed, timely decisions about remand, parties must be able to tell whether all of the served defendants consented during the thirty-day removal period.

728 F. Supp. 2d at 1275. Judge Johnson agreed and wrote in *Zambrano*:

> Defendants claim 28 U.S.C. § 1446(b) contains a thirty-day window only for filing a notice of removal, but not for filing a notice of consent to removal, so a defendant essentially may consent to a notice of removal at any time. This proposition is untenable at best, because the Court can easily foresee a situation where a plaintiff would not discern whether removal was properly effectuated until after the plaintiff's thirty-day window to move to remand the case had elapsed under 28 U.S.C. § 1447(c), wholly depriving the plaintiff of the ability to move to remand a case. The same result would occur even if the Court imposed the thirty-day deadline from the date the notice of removal was filed because, in that situation, a plaintiff would still not learn whether all defendants had properly consented to removal until the same day that the plaintiff had to file its motion to remand. Essentially, the plaintiff would have waived any defects in the removal procedure because the plaintiff did not discover the defects until it was too late. The Court will not endorse such an illogical result.

256 F. Supp. 3d 1179, 1184 (D.N.M. 2017).

---

[10] In *Padilla*, the default was implied consent to removal (meaning a consenting defendant need file nothing to consent). *Padilla* determined a defendant could not change this implied consent more than thirty days after the filing of a notice of removal (when a plaintiff's motion to remand would be due). 282 F. Supp. 3d at 1264. As set forth in the body of this Opinion, however, most courts have determined that the default position for the silent non-removing co-defendant is no consent for removal.

Even if the thirty-day time limit to file a notice of removal contained in Section 1446's various subsections does not apply to consents to removal (as described in subsection (b)(2)(A)), however, defendants must at least consent before a plaintiff's deadline to file a motion to remand runs. Otherwise, a plaintiff would be deprived of the right to seek remand for procedural defects. *See Centura Health Cor. v. Agnew*, No. 18-cv-569, 2018 WL 3454976, at *4 (D. Colo. July 18, 2018) (declining to find a "definitive statutory deadline within which defendants must obtain unanimous consent to remove a case," but remanding because not all defendants provided consent by the "de facto deadline [that] must be sometime before the end of the thirty day period in which plaintiffs may seek to remand the case"); *Szuszlski v. Fields*, No. 19-cv-250 RB/CG, 2019 WL 5964602, at *11 (D.N.M. Nov. 13, 2019) (declining to place a definitive time limit on consents for removal, but finding that a consent filed before the plaintiff filed her motion to remand was sufficient to meet the unanimity requirement). In this case, Defendant Singh did not file his consent to removal until after Plaintiffs filed their motion to remand and, it appears, only filed the consent in response to Plaintiffs' motion to remand. Accordingly, remand is required because Defendants did not timely meet the unanimity requirement.

Defendant PB30 Transport characterizes Singh's lack of consent as a "technically defective notice of removal" and asserts that remanding over this "simple error" would "tend unduly to exalt form over substance and legal flawpicking over the orderly disposition of cases properly committed to federal court." Doc. 13 at 2. However, "this Court does not believe that requiring adherence to the basic mandate of the unanimity rule constitutes legal flaw-picking." *State Farm Fire & Cas. Co.*, 728 F. Supp. 2d at 1278. The Court does not doubt Defendant Singh's representation that all Defendants intended to file timely notice of removals and that his failure to do so was a simple error. The Court also recognizes that remand is a harsh consequence

13

for this simple error. The Court, however, has no discretion to ignore Congressionally mandated procedure on the basis that its application leads to a harsh result.

Section 1446 requires unanimous consent and it was Defendants' burden to ensure that they properly complied with the removal procedures. *See Vasquez*, 536 F. Supp. 2d at 1257 ("The removing party has the burden to show that removal was properly accomplished." (internal quotation mark and citation omitted)). Here, even though Defendant Singh filed a notice of errata for the notice or removal, that errata and his subsequent consent to removal were untimely. As a result, remand is required. *See State Farm Fir & Cas. Co.*, 728 F. Supp. at 1277-78 (declining to allow an amended notice of removal to cure an untimely notice of consent).

**2.    Attorney Fees**

Plaintiffs argue that if their motion to compel is granted, an award of costs, expenses, and attorney fees is appropriate. Doc. 12 at 6. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* In this case, because there is no clear authority from the Tenth Circuit, and because there is a split in this District regarding whether Defendant Singh's consent could be implied, the Court finds that Defendant PB30 Transport's position in response to the motion to remand was objectively reasonable. Accordingly, the Court denies Plaintiffs' request for costs, expenses, and fees.

## **CONCLUSION**

For these reasons the Court grants in part Plaintiffs' Motion to Remand (Doc. 12) and this case is remanded to the Fourth Judicial District Court. The Court denies Plaintiffs' request for costs and fees.

IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent